**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| 7 LONG FISHERY, LLC, A.P. TRAWLERS, INC., ABREGO TRAWLERS, INC., ACE MANING, LLC, AGUILAR BROTHERS, INC., FELIX AGUILAR, AGUILAR LIMON INC., AGUILAR SHRIMP CO., ERIC AGUILAR, JOSE PALACIOS AGUILAR, ODILON CORDOBA AGUILAR, ET AL. | * | CIVIL ACTION NO.: 4:25-cv-03725 |
| Plaintiffs, | * | JUDGE ALFRED H. BENNETT |
| VERSUS | * | MAGISTRATE JUDGE CHRISTINA A. BRYAN |
| HILCORP ENERGY COMPANY and WCC ENERGY GROUP, LLC | * | |
| Defendants. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**HILCORP ENERGY COMPANY'S MOTION TO DISMISS**

**NOW INTO COURT**, under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, Defendant Hilcorp Energy Company ("Hilcorp") moves this Court to dismiss the Original Complaint ("Complaint") filed by more than 2,300 plaintiffs ("Plaintiffs"). Plaintiffs assert four causes of action arising out of a 2022 oil spill off the coast of Louisiana, all of which are legally deficient. As explained below, Plaintiffs' claims—for violations of the Oil Pollution Act ("OPA"), negligence, negligence per se, and public nuisance—should all be dismissed.

*First*, this Court should dismiss Plaintiffs' OPA claims because Plaintiffs failed to allege that they have complied with that statute's mandatory presentment procedure, which is a condition

precedent for bringing claims under OPA. Without presentment, and without those allegations, Plaintiffs' OPA claims must be dismissed.

*Second*, this Court should dismiss Plaintiffs' state-law claims for negligence, negligence per se, and nuisance. The oil spill at issue occurred on August 8, 2022, and Plaintiffs' lawsuit was filed three years later. Under both Louisiana and Texas law, the applicable limitations period is two years at most. Plaintiffs' claims are therefore untimely.

*Finally*, even if the Court determines that Plaintiffs' state-law claims are not time-barred (which they are), these claims are impermissibly vague. Hilcorp cannot be liable in negligence for purely economic loss that is unrelated to alleged damage to Plaintiffs' personal property. But here, Plaintiffs have failed to allege with any specificity the damage to their personal property. Indeed, Plaintiffs have failed to describe which of the more than 2,300 named Plaintiffs have suffered damage to property they own. Without this specificity, Plaintiffs have failed to state cognizable negligence claims.

Accordingly, this Court should grant Hilcorp's motion and dismiss Plaintiffs' Complaint with prejudice.

## FACTUAL BACKGROUND

This case arises from an oil spill in the waters of Terrebonne Bay off the coast of Louisiana on August 8, 2022. Three years later, on August 8, 2025, Plaintiffs filed this Complaint, alleging that an oil storage tank in Terrebonne Bay fell into the water, causing the spill of "14,000 gallons of crude oil." (Compl., Rec. Doc. 1 ¶ 6.) Plaintiffs allege that the spill negatively "impacted the region's fisheries and oyster harvesting for weeks" and that the "negative publicity from the spill deterred buyers from seeking out local shrimp and seafood from the region," which caused an "immediate impact on the livelihood of local workers." (*Id.*) Plaintiffs contend that Hilcorp is

responsible for the discharge of oil and is therefore liable for damages resulting from the spill, bringing a claim under OPA and state-law claims for negligence, negligence per se, and public nuisance. (*Id.* ¶¶ 10-42.)

**LEGAL STANDARD**

A motion to dismiss a claim under Rule 12(b)(6) is proper when the plaintiff's well pleaded facts are accepted as true, yet are insufficient to state a claim for relief. *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Thus, a plaintiff must "raise a right to relief above the speculative level." *Id.* at 555. As the Fifth Circuit has explained, plaintiffs must support their claims with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Shultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). A complaint that "offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F. 3d 353, 361 (5th Cir. 2004)).

Additionally, Federal Rule of Civil Procedure 12(b)(1) compels dismissal of a claim for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). The plaintiff bears the burden of proving that jurisdiction exists, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), and a motion under Rule 12(b)(1) should be

granted if the plaintiff cannot prove any set of facts in support of the claim that would entitle the plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Rule 12(b)(1) compels dismissal if the allegations in the complaint are not sufficient to allege jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

## LAW AND ANALYSIS

Plaintiffs' Complaint asserts claims under OPA, as well as state-law claims of negligence, negligence per se, and public nuisance. These claims are legally deficient, and Plaintiffs' Complaint should be dismissed.

### I. Plaintiffs failed to allege compliance with OPA's mandatory pre-suit presentment requirement, requiring dismissal.[1]

Plaintiffs' OPA claims should be dismissed because Plaintiffs fail to allege compliance with OPA's mandatory pre-suit presentment requirement.

Congress passed OPA, 33 U.S.C. § 2701 *et seq*., after the 1989 Exxon Valdez oil spill "to streamline federal law so as to provide quick and efficient cleanup of oil spills." *Rice v. Harken Expl. Co.*, 250 F.3d 264, 266 (5th Cir. 2001). Under OPA, individuals harmed by an oil spill may file claims against the responsible party for damages; however, "to promote settlement and avoid litigation," OPA establishes specific procedures that claimants must follow. *Johnson v. Colonial*

[1] Courts have addressed plaintiffs' failure to make presentment under OPA as both a jurisdictional defect and a failure to state a legally cognizable claim. *See, e.g.*, *Marathon Pipe Line Co. v. LaRoche Indus. Inc.*, 944 F. Supp. 476, 477 (E.D. La. 1996) ("[Section] 2713's presentation requirement is jurisdictional" and mandates dismissal when that provision is applicable and not complied with by the claimant); *see also In re Oil Spill by Oil Rig DEEPWATER HORIZON the Gulf of Mexico, on April 20, 2010*, 10-3059, 2011 WL 5520295, *9 (E.D. La. Nov. 14, 2011) (considering similar argument pursuant to Rule 12(b)(6) and relying on *Henderson v. Shinseki*, 562 U.S. 428, 434-36 (2011)). Analysis under either subsection of Rule 12(b), however, produces the same result, and out of an abundance of caution, Hilcorp moves for dismissal of Plaintiffs' OPA claims pursuant to both Rule 12(b)(1) and, alternatively, Rule 12(b)(6).

*Pipeline Co.*, 830 F. Supp. 309, 310 (E.D. Va. 1993). Specifically, the statute provides that "all claims for removal costs or damages ***shall be presented first to the responsible party***." 33 U.S.C. § 2713(a) (emphasis added). If a claim is presented and either (i) the responsible party denies all liability or (ii) the claim is not settled within 90 days after the claim was presented, then a claimant may "elect to commence an action in court." 33 U.S.C. § 2713(c)(1)-(2). A "claim" under OPA is defined as "a request, made in writing for a sum certain, for compensation for damages or removal costs resulting from the incident." 33 U.S.C. § 2701(3).

Federal courts enforce OPA's presentment requirements as "mandatory condition precedents" to bringing an OPA claim. *See, e.g.*, *Nguyen v. Am. Com. Lines L.L.C.*, 805 F.3d 134, 139 (5th Cir. 2015), *as revised* (Nov. 13, 2015) (finding that "'the clear text of 33 U.S.C. § 2713 creates a mandatory condition precedent barring all OPA claims unless and until a claimant has presented her claims in compliance with § 2713(a)'") (quoting *Boca Ciega Hotel, Inc. v. Bouchard Transp. Co.*, 51 F. 3d 235, 240 (11th Cir. 1995)). Federal courts routinely dismiss OPA claims that fail to comply with the presentment requirements under § 2713. *See, e.g.*, *Boca Ciega Hotel, Inc.*, 51 F. 3d at 240 (holding that "the district court was correct when it granted the [defendants'] motions to dismiss" for failing to satisfy the presentment requirements); *Johnson*, 830 F. Supp. at 311 (finding that "[p]laintiffs have thus never 'presented' their claims as required by OPA" and therefore, the OPA claim "must be dismissed"); *see also Turner v. Murphy Oil USA, Inc.*, CIV.A. 05-4206, 2007 WL 4208986, at *2 (E.D. La. Nov. 21, 2007) (granting Rule 12(b)(6) motion to dismiss because plaintiff "failed to comply with the notice requirements of the OPA").

Here, Plaintiffs' Complaint does not allege that any Plaintiff presented a claim in compliance with OPA before filing suit, and the absence of any allegation that Plaintiffs satisfied this mandatory condition precedent is sufficient, on its own, to warrant dismissal of these OPA

claims. *See, e.g.*, *Aguilar v. Ken's Marine & Oil Serv., Inc.*, No. 14-6735, 2016 WL 7234117, at *2 (D.N.J. Sept. 9, 2016) (dismissing complaint where plaintiffs failed to allege presentment); *Funderburk v. B.P. Prods. N. Am., Inc.*, No. 14 -43, 2014 WL 12868863, at *3 (M.D. Fla. Jul. 14, 2014), report and recommendation adopted, 2014 WL 12868862 (M.D. Fla. Aug. 12, 2014); *Russo v. M/T DUBAI STAR*, No. 09-05158, 2010 WL 1753187, at *3 (N.D. Cal. Apr. 29, 2010) (dismissing claim for "failure to allege compliance with OPA's presentation requirement"). Plaintiffs' Complaint cannot support a right to relief under the plain language of OPA because Plaintiffs fail to allege compliance with this mandatory condition precedent.[2]

Accordingly, Plaintiffs' OPA claims are deficient and should be dismissed.

## II. <u>Plaintiffs' state-law claims are time-barred.</u>

While Plaintiffs' Complaint fails to specify which state's law applies to their negligence and nuisance claims, under either Louisiana or Texas law, Plaintiffs' state-law claims are untimely and should be dismissed.

The oil spill at issue occurred in Louisiana. Tort claims in Louisiana—including negligence and nuisance claims—are subject to a prescriptive period that runs from the date the injury or damage is sustained. *See* La. Civ. Code art. 3493.1. Before July 1, 2024, Louisiana tort claims were subject to a one-year prescriptive period. Tort claims arising after July 1, 2024 are subject to a two-year prescriptive period. *See Scurlock v. Heitmeier*, 2025-0096 (La. App. 4 Cir.

[2] Indeed, even if Plaintiffs seek to present their claims to Hilcorp now and amend their lawsuit, any such amendment would be futile. OPA requires that claims be brought within three years of the date claimants reasonably knew they have been damaged. 33 U.S.C. § 2717(f)(1). Here, Plaintiffs allege that the spill occurred on August 8, 2022 and was publicized by the U.S. Coast Guard as early as August 10, 2022. (*See* Compl., Rec. Doc. 1 ¶¶ 6-7.) Accordingly, the three-year limitation period for OPA claims has now run. And the Fifth Circuit has specified that OPA claims must be presented at least 90 days before the end of OPA's three-year limitations period. *See Nguyen*, 805 F.3d at 142-45.

6/23/25), 2025 WL 1733121, *10, n.6; *see also* 2024 La. Acts, No. 423, §§ 1 and 2 (providing that the two-year prescriptive period "shall be given prospective application only and shall apply to delictual actions arising after the effective date of this Act" on July 1, 2024).

A two-year statute of limitations would apply to Plaintiffs' state-law claims of negligence, negligence per se, and public nuisance under Texas law. *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 16.003(a); *Regency Field Servs., LLC v. Swift Energy Operating LLC*, 622 S.W. 3d 807, 815 & n.5 (Tex. 2021) (acknowledging that the applicable limitations statute for claims of negligence, trespass, and nuisance was two years under Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)). Plaintiffs' state-law claims must have been brought "not later than two years after the day the cause of action accrue[d]" under Texas law. Tex. Civ. Prac. & Rem. Code § 16.003(a). "Generally, a negligence claim accrues when the defendant's negligent conduct causes any legal injury for which the claimant may obtain legal relief," and a nuisance claim "accrues when the defendant's conduct first substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities." *Regency Field Servs., LLC*, 622 S.W. 3d at 815-16 (internal citations and quotations omitted); *see also Atkins v. Crosland*, 417 S.W. 2d 150, 153 (Tex. 1967) (holding that an action sounding in tort accrues "when the tort is committed").

Here, Plaintiffs' state-law claims are untimely. Specifically, Plaintiffs allege that the spill occurred on August 8, 2022, resulting in the closure of 33 square miles of Terrebonne Bay and "an *immediate impact* on the livelihood of local workers." (*See* Compl, Rec. Doc. 1 ¶ 6 (emphasis added)). Accordingly, Plaintiffs allegedly suffered injuries on August 8, 2022, which started the limitations period. Plaintiffs, however, did not file this Complaint within either the one-year prescriptive period under Louisiana law applicable at the time, or the two-year period under Texas

law, and instead waited to file this lawsuit until August 8, 2025—three-years after the spill, and well after the limitation period on their state-law claims had run under Louisiana or Texas law. Accordingly, Plaintiffs' state-law claims for negligence, negligence per se, and public nuisance are time barred, and the Court should dismiss these claims on that basis.

## III. Even if Plaintiffs' state-law negligence claims are timely (they are not), their claims are impermissibly vague.

Plaintiffs seek to recover for economic loss on their negligence claims, but they fail to allege sufficient details regarding a necessary element of those claims: damage to property that they own. Even if the Court determines that Plaintiffs' state-law negligence claims are timely (they are not), these claims are impermissibly vague and should be dismissed.

Under the prevailing "economic loss rule" recognized in both Louisiana and Texas, "'a plaintiff may not recover for his economic loss resulting from bodily harm to another or from physical damage to property which he has no proprietary interest.'" *LAN/STV v. Martin K. Eby Const. Co., Inc.*, 435 S.W. 3d 234, 238 (Tex. 2014) (quotation omitted). Specifically, courts find that there is no duty to protect against purely economic losses absent proof of physical injury to the plaintiff or physical damage to a property in which the plaintiff has a proprietary interest. *See, e.g.*, *Trans–Gulf Corp. v. Performance Aircraft Servs., Inc.*, 82 S.W.3d 691, 695 (Tex. App.-Eastland 2002) ("Simply stated, a duty in tort does not lie under the economic loss rule when the only injury claimed is one for economic damages."); *PPG Indus., Inc. v. Bean Dredging*, 447 So. 2d 1058, 1061 (La. 1984) (holding there is no duty to protect against purely economic losses arising from physical damage to property in which plaintiffs had no proprietary interest).

Plaintiffs' Complaint, however, makes only a vague and limited allegation regarding "loss of inventory, damage to fishing nets and the cost of cleaning boats that but for Defendants' oil spill, would have used services offered by businesses in an [sic] around Terrebonne Bay and the

businesses there." (Compl., Rec. Doc. 1 ¶ 25.) Plaintiffs provide no other details regarding these damages, or which of the more than 2,300 Plaintiffs suffered this damage to property that they owned. Hilcorp is left to guess as to which Plaintiffs' boats and nets were harmed, or which Plaintiffs lost an inventory of shrimp or shellfish that they harvested, among other missing details. Otherwise, the Complaint references only property damage to public waterways, natural resources, fisheries, wild seafood, and other public property that Plaintiffs do not have a proprietary interest in—and for which they cannot recover economic loss. (*See id.* ¶¶ 16, 26, 28, 42.)

"'Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . .'" *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006) (quoting 2A Moore's Fed. Prac. ¶ 12.07 [2.–5] at 12–91). "If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) . . . ." 5C Charles Allen Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1376, p. 309 (3d ed. 2004) (cited in *United States v. Real Prop. Located at 5833 Coronado Ridge, El Paso, Texas*, No. 09-433, 2010 WL 5540939, at *2 (W.D. Tex. Oct. 15, 2010)). Without further specificity here, Plaintiffs cannot state a claim for economic loss arising out of damage to their property. *Cf. Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, 260 F. Supp. 3d 738, 807 (S.D. Tex. 2017), *aff'd sub nom. Residents Against Flooding v. Reinvestment Zone No. Seventeen*, 734 F. App'x 916 (5th Cir. 2018) (holding that plaintiffs' tort claims pursuant to 42 U.S.C. § 1983 failed to fall within exception to Texas Tort Claim Act where "[p]laintiffs failed to allege that Defendants took any action concerning Plaintiff's real property nor caused any particularized injury").

Accordingly, even if the Court determines that Plaintiffs' state-law negligence claims are timely (they are not), these claims should be dismissed as impermissibly vague.

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Hilcorp are untimely and deficient. Accordingly, this Court should grant Hilcorp's motion and dismiss Plaintiffs' Complaint.

Respectfully submitted,

*/s/ Chloé M. Chetta*

Craig Isenberg, *pro hac vice forthcoming, attorney-in-charge*
Chloé M. Chetta, Texas Bar No. 24131097
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-589-9701
cisenberg@barrassousdin.com
cchetta@barrassousdin.com

and

Charles A. Mouton, Texas Bar No. 00785599
MAHTOOK & LAFLEUR
P.O. Box 3089
Lafayette, Louisiana 70502
Telephone: 337-266-2189
Facsimile: 337-266-2303
cmouton@mandllaw.com

*Attorneys for Hilcorp Energy Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| 7 LONG FISHERY, LLC, A.P. TRAWLERS, INC., ABREGO TRAWLERS, INC., ACE MANING, LLC, AGUILAR BROTHERS, INC., FELIX AGUILAR, AGUILAR LIMON INC., AGUILAR SHRIMP CO., ERIC AGUILAR, JOSE PALACIOS AGUILAR, ODILON CORDOBA AGUILAR, ET AL. | * * * * * * * * | CIVIL ACTION NO.: 4:25-cv-03725<br><br>JUDGE ALFRED H. BENNETT<br><br>MAGISTRATE JUDGE CHRISTINA A. BRYAN |
| Plaintiffs, | * * | |
| VERSUS | * * | |
| HILCORP ENERGY COMPANY and WCC ENERGY GROUP, LLC | * * | |
| Defendants. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**HILCORP ENERGY COMPANY'S CERTIFICATE OF CONFERENCE**

In support of the Motion to Dismiss filed by Defendant Hilcorp Energy Company ("Hilcorp"), and pursuant to this Court's Procedures and Practices Rule B.5(c), undersigned counsel for Hilcorp certifies that counsel for the parties conferred by telephone on September 24, 2025, and that Plaintiffs oppose Hilcorp's motion.

Respectfully submitted,

*/s/ Chloé M. Chetta*

Craig Isenberg, *pro hac vice forthcoming, attorney-in-charge*
Chloé M. Chetta, Texas Bar No. 24131097
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-589-9701
cisenberg@barrassousdin.com
cchetta@barrassousdin.com

and

Charles A. Mouton, Texas Bar No. 00785599
MAHTOOK & LAFLEUR
P.O. Box 3089
Lafayette, Louisiana 70502
Telephone: 337-266-2189
Facsimile: 337-266-2303
cmouton@mandllaw.com

*Attorneys for Hilcorp Energy Company*